IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HWP Holdings LLC, Harold's Chicken Shack Inc. | ] |
| | ] |
| Plaintiffs, | ] |
| | ] |
| v. | ] |
| | ] |
| George Anderson, 1421 West Taylor St Inc. d/b/a Harolds Shrimp and Chicken 1421, 201 North Ottawa Corporation d/b/a Harolds Shrimp And Chicken, Harolds Shrimp And Chicken, | ] ] ] ] |
| | ] |
| Defendants. | ] |

**COMPLAINT FOR INJUNCTION & TRADEMARK INFRINGEMENT**

NOW COMES HWP Holdings LLC & Harold's Chicken Shack Inc. (hereinafter "Plaintiffs" or "Plaintiff"), by and through CHARLES AARON SILVERMAN, and Complains of the Defendants, stating:

**PARTIES AND JURISDICTION**

1. This is a civil action seeking a Declaratory Judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, regarding Plaintiff's intellectual property interest in the name of its business, Harold's Chicken, under the Lanham Act, 15 U.S.C § 1051, *et seq*. HWP Holdings LLC is an LLC registered in Illinois.

2. Harold's Chicken Shack Inc. is an Illinois Corporation.

3. HWP Holdings LLC in conjunction with Harold's Chicken Shack Inc., is the owner and holder of these federally registered trademarks: the word mark "HAROLD'S CHICKEN" US PTO serial numbers 88451824 & 88451824; the word mark "HAROLD'S CHICKEN SHACKS" US

1

PTO serial numbers 86869958, 76235610, 76235601, 76241697, 86869958, 74304627, & 74304628.

4. George Anderson (hereinafter "Anderson") resides in the Northern District of Illinois, in Chicago, Illinois.

5. Anderson operates various stores, and calls them "Harold's Shrimp and Chicken" but advertises them as "Harold's Chicken and Shrimp" in media and through online sources.

6. Anderson operates 1421 West Taylor St Inc. d/b/a Harolds Shrimp and Chicken 1421 in the Northern District of Illinois, and uses similar layout and name styles as the Plaintiffs' intellectual property, despite having no license to operate a Harold's Chicken and no permission to use any registered mark thereof.

7. Anderson operates 201 North Ottawa Corporation d/b/a Harolds Shrimp And Chicken in the Northern District of Illinois, and uses similar layout and name styles as the Plaintiffs' intellectual property, despite having no license to operate a Harold's Chicken and no permission to use any registered mark thereof.

8. On information and belief Anderson operates other Harolds Shrimp And Chicken locations with similar trademark infringement, including at 1311 Washington Ave, Miami Beach, FL 33139 and 1916 Union Blvd, St. Louis, MO 63113.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the question before the Court arises under federal law, The Lanham Act, 15 U.S.C. §§ 1051 et seq.

10. Venue is proper because the operative facts of the infringing mark's use occur in the Northern District Illinois.

## FACTS UNDERLYING ALL COUNTS

11. Plaintiff repeats and re-alleges paragraphs 1-10 as if stated herein in full.

2

12. The restaurants Anderson operates use a mark that is confusingly similar to the protected mark of the Plaintiffs.

13. Plaintiffs will suffer irreparable harm if an inferior product is distributed under Plaintiffs' name.

## VIOLATIONS OF THE LANHAM ACT

### COUNT 1 - Trademark Infringement Under Section 32 of the Lanham Act

14. Plaintiffs repeat and re-allege paragraphs 1-13 as if stated herein in full.

15. Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant, any trademark or any reproduction, counterfeit, copy, or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake, or deception.

16. The Harold's Chicken Trademark is federally registered. This mark has also acquired extraordinary fame and distinctiveness and is associated in the mind of the public exclusively with Harold's Chicken.

17. Defendants use the Harold's Chicken Trademark in connection with infringing products and services without Plaintiffs' consent or authorization. Defendants' use, including the importation, sale, offer for sale, and/or distribution of the Infringing Products in commerce, is likely to cause confusion and mistake in the mind of the public, leading the public to believe that Defendants' products emanate or originate from Plaintiffs, or that Plaintiffs have approved, sponsored, or otherwise associated itself with Defendants or their Infringing Products.

18. Through the unauthorized use of the Harold's Chicken Trademark, Defendants are unfairly benefiting from and misappropriating Harold's Chicken's goodwill and reputation, as well as the fame of the Harold's Chicken Trademark. This will result in substantial and irreparable injury to the public and to Plaintiffs.

19. At all relevant times, Defendants had actual and direct knowledge of Harold's Chicken's prior use and ownership of the Harold's Chicken Trademark. Defendants' conduct is therefore willful and reflects Defendants' intent to exploit the goodwill and strong brand recognition associated with the Harold's Chicken Trademark.

20. Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

21. Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

**COUNT 2 - False Designations of Origin and False Descriptions and Representations Under Section 43(a) of the Lanham Act**

22. Plaintiffs repeat and re-allege paragraphs 1-13 as if stated herein in full.

23. Defendants' unauthorized use in commerce of spurious copies of the Harold's Chicken Trademark in connection with the distribution, advertising, promotion, offering for sale, and/or sale of the Infringing Products constitutes use of a symbol or device that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendants with Harold's Chicken and as to the origin, sponsorship, association, or approval of Defendants' Infringing Products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24. Defendants' actions as alleged herein, including but not limited to their unauthorized use in commerce of spurious copies of the Harold's Chicken Trademark, constitutes use of a false

designation of origin and misleading description and representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendants with Harold's Chicken and as to the origin, sponsorship, association, or approval of Defendants' Infringing Products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25. At all relevant times, Defendants had actual and direct knowledge of Harold's Chicken's prior use and ownership of the Harold's Chicken Trademark. Defendants' conduct is therefore willful and reflects Defendants' intent to exploit the goodwill and strong brand recognition associated with the Harold's Chicken Trademark.

26. Defendants' wrongful acts will continue unless enjoined by this Court.

27. Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

### COUNT 3 - Trademark Dilution Under 43(c) of the Lanham Act

28. Plaintiffs repeat and re-allege paragraphs 1-13 as if stated herein in full.

29. Plaintiff is the exclusive owner of the Harold's Chicken Trademark.

30. The Harold's Chicken Trademark is famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and has been famous and distinctive since long before Defendants began offering for sale, selling, and promoting Infringing Products bearing indistinguishable copies of the Harold's Chicken Trademark.

31. The Harold's Chicken Trademark is famous because, among other things: (1) the Harold's Chicken Trademark has a high degree of distinctiveness; (2) the Harold's Chicken Trademark has been used continuously and exclusively for decades throughout the United States to identify many goods and services; (3) Plaintiff has extensively and continuously advertised and publicized the Harold's Chicken Trademark for many years throughout the United States; (4) Plaintiff has used

its Harold's Chicken Trademark in a trading area of broad geographical scope; (5) the Harold's Chicken Trademark is among the preeminent marks in the United States; (6) the Harold's Chicken Trademark is famous and has an extremely high degree of recognition among consumers; and (7) the Harold's Chicken Trademark is the subject of valid and subsisting registrations under the Lanham Act on the Principal Register.

32. Long after the Harold's Chicken Trademark became famous, Defendants, without authorization from Plaintiff, sought to use unauthorized reproductions, counterfeits, copies, and colorable imitations of the Harold's Chicken Trademark. Defendants' use of the Harold's Chicken Trademark dilutes and/or is likely to dilute the distinctive quality of the Harold's Chicken Trademark and to lessen the capacity of such mark to identify and distinguish Plaintiffs' goods. Defendants' unlawful use of the Harold's Chicken Trademark in connection with inferior, counterfeit goods is also likely to tarnish that trademark and cause blurring in the minds of consumers of the distinctiveness of the Harold's Chicken Trademark and its exclusive association with Plaintiff, thereby lessening the value of the Harold's Chicken Trademark as a unique identifier.

33. At all relevant times, Defendants had actual and direct knowledge of Plaintiff's prior use and ownership of the Harold's Chicken Trademark. Defendants' conduct is therefore willful and reflects Defendants' intent to exploit the goodwill and strong brand recognition associated with the Harold's Chicken Trademark.

34. By the acts described above, Defendants have intentionally and willfully diluted, and/or are likely to dilute, the distinctive quality of the famous Harold's Chicken Trademark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

35. Defendants' wrongful acts will continue unless enjoined by this Court.

36. Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

**WHEREFORE**, Plaintiff prays:

A. For judgment that Defendants: (i) have violated Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a); (ii) have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (iii) have violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

B. That an injunction be issued enjoining and restraining Defendant and any of his or her officers, agents, servants, employees, corporations, and attorneys, and all those in active concert or participation with it from: (i) Using the Harold's Chicken Trademark or any other reproduction, counterfeit, copy or colorable imitation of the Harold's Chicken Trademark on or in connection with any goods or services; (ii) Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Harold's Chicken business reputation or dilute the distinctive quality of the Harold's Chicken Trademark, including through the continued importation, distribution, sale or offering for sale of counterfeit Harold's Chicken products; (iii) Using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Harold's Chicken Trademark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, importation, circulation, or distribution of any products; (iv) Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendants are in any manner associated or connected with Harold's Chicken, or are sold, manufactured, licensed, sponsored, approved, or authorized by Harold's Chicken; (v) Destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importation, manufacture, production, distribution, circulation, sale, marketing, offer for sale, advertising, promotion, rental or display of all unauthorized products which infringe or dilute the Harold's Chicken Trademark; and (vi) Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (v).

C. For the entry of an order directing Defendant to deliver up for destruction to Plaintiffs all products, advertisements, promotional materials, and packaging in their possession or under their control bearing the Harold's Chicken Trademark, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices, and other means of production of same pursuant to 15 U.S.C. § 1118;

D. For an assessment of: (a) damages suffered by Plaintiff, trebled, pursuant to 15 U.S.C. § 1117(b); or, in the alternative, (b) all illicit profits that Defendant derived while using counterfeits and/or infringements of the Harold's Chicken Trademark, trebled, pursuant to 15 U.S.C. § 1117(b); or, in the alternative, (c) statutory damages, awarded to Plaintiffs pursuant to 15 U.S.C. § 1117(c), of up to $2,000,000 for each trademark that Defendants have counterfeited and/or infringed, as well as attorneys' fees and costs; and (d) an award of Plaintiffs' costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117; and (e) profits, damages, fees, and punitive damages to the full extent available under the law; and

E. For costs of suit, and for such other and further relief as the Court shall deem appropriate.

Respectfully Submitted,

s/Charles Aaron Silverman
Charles Aaron Silverman (IL ARDC # 6291982)
Attorney for Plaintiff
8800 Bronx Ave #100-F
Skokie, IL 60077
(312) 526-3201
Chsilvlaw@yahoo.com