IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HWP Holdings LLC, Harold's Chicken Shack Inc. ] | |
| ] | The Honorable Robert M. Dow, Jr. |
| Plaintiffs, ] | |
| ] | |
| v. ] | Case # 1:21-cv-06123 |
| ] | |
| George Anderson, 1421 West Taylor St Inc. d/b/a ] | |
| Harolds Shrimp and Chicken 1421, 201 North ] | Magistrate Judge |
| Ottawa Corporation d/b/a Harolds Shrimp And ] | The Hon. Beth W. Jantz |
| Chicken, Harolds Shrimp And Chicken, ] | |
| ] | |
| Defendants. ] | |

**MOTION TO DISMISS COUNTERCLAIM**

Plaintiff states for its Motion as per Rule 12(b)(6) of the Rule of Federal Procedure as follows:

The Defendants have filed a counterclaim to cancel HWP's registrations. Said counterclaim has 7 paragraphs. The first 4 paragraphs are a listing of the parties and a statement of venue. Paragraphs 5 and 6 admit that Plaintiff HWP has registered trademarks, but asserts that the marks are not valid without any further detail. The only argument for invalidating these long-standing trademarks is in paragraph 7 of the counterclaim, which merely states: "HWP's attempt to monopolize the use of the words Harold's Chicken is unsupported by law and defies common sense." This counterclaim does not contain sufficient data to support a claim.

A Complaint should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), when the plaintiff has failed to state a claim upon which relief can be granted. However, all well-pleaded facts, and any reasonable inferences drawn therefrom, are accepted as true and are construed in favor of the plaintiff. Stachon v. United Consumers Club, 229 F.3d 673, 675 (7 Cir. 2000). A complaint so pled, "must provide the defendant with fair notice of what the ... claim is

and the grounds upon which it rests." <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (citation omitted). A complaint cannot contain mere legal conclusions; rather "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)., citing <u>Twombly</u>, at 556. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id</u>.

The counter-complainant has not made it clear if they believe that the trademarks were in fact not issued, or if the trademarks do not have secondary meaning, or what exactly about what the PTO did in registering the trademark 'defies common sense.' The counterclaim pleads conclusions, which might be considered legal conclusions at best, but are still merely adjectives without any factual support to the pleading.

WHEREFORE, Plaintiffs pray that the Counterclaim be dismissed, and for such further relief as may be equitable and just.

Respectfully submitted,

/s/Charles A. Silverman
Charles Aaron Silverman
IL ARDC # 6291982
Counsel for Plaintiff
8800 Bronx Ave #100-F
Skokie, IL 60077
(312) 526-3201
Chsilvlaw@yahoo.com

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby state and aver that on the date of filing this Document all parties were served via the ECF filing platform's e-filing service.

/s/Charles A. Silverman