UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HWP Holdings LLC, Harold's Chicken Shack Inc. | ) )  |
| Plaintiffs, | ) Case No. 21-cv-06123 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| George Anderson, 1421 West Taylor St Inc. d/b/a Harolds Shrimp and Chicken 1421, 201 North Ottawa Corporation d/b/a Harolds Shrimp And Chicken, Harolds Shrimp And Chicken, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER AND OPINION**

Before the Court today is plaintiffs and counter-defendants, HWP Holdings', motion to dismiss defendants' and counter-plaintiffs' counterclaim. Plaintiffs own and operate Harold's Chicken Shack, an Illinois restaurant chain, and hold federally registered trademarks for "Harold's Chicken" and "Harold's Chicken Shack." Defendants own and operate stores called "Harold's Shrimp and Chicken" in Illinois, Florida, and Missouri. Plaintiffs originally brought three claims [1] against defendants alleging trademark infringement, false designations or origin, and trademark dilution, in violation of Sections 32(1)(a), 43(a), and 43(e), respectively, of the Lanham Act. 15 U.S.C. § 1114(1)(a); 15 U.S.C. § 1125(a); 15 U.S.C. § 1125(c). Defendants counterclaimed [26], seeking cancellation of plaintiffs' trademark registrations under 15 U.S.C. §§ 1119, 1064(3). For the reasons laid out below, the Court grants counter-defendants' motion to dismiss counter-plaintiffs' counterclaim without prejudice [27].

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. See *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir.

1

2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009).

**Discussion**

Counter-plaintiffs' counterclaim is barebones, and states only that "HWP's attempt to monopolize the use of the words Harold's Chicken is unsupported by law and defies common sense." In their response to counter-defendants' motion to dismiss the counterclaim, counter-plaintiffs elaborate somewhat, arguing counter-defendants' trademark is "merely a descriptive claim" and that counter-defendants cannot trademark the word "chicken" because it is descriptive of the product they serve.

Simply put, the counterclaim does not state a plausible claim to relief. The counterclaim itself is wholly conclusory and contains no analysis whatsoever. *See Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996) ("Given our adversarial system of litigation, it is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel."). Even in response, counter-plaintiffs cite only two legal authorities. The first is a century-old district court opinion from New York that, importantly, predates the Lanham Act. *Bayer Co. v. United Drug Co.*, 272 F. 505 (S.D.N.Y. 1921). The second is a half-century old opinion from an intermediate Illinois appellate court. Counter-plaintiffs cite it for the proposition that "once a mark becomes associated by the public as descriptive, [sic] trademark cannot be maintained." *Mars Inc. v.*

*Curtiss Candy Co.*, 8 Ill.App.3d 338 (Ill.1 Dist., 1972). But counter-plaintiffs do not explain how that case, concerning trademarks for "fun sized" candy, applies, nor do they make any attempt to show that "Harold's Chicken Shack" has become associated by the public as descriptive. Furthermore, the case cited concerns state, not federal, trademarks. *Id.* at 343. Counter-plaintiffs' counterclaim is so underdeveloped, due to lack of citation and analysis, that the Court deems it waived. *See Tyler v. Runyon*, 70 F.3d 458, 464–65 (7th Cir. 1995) (deeming argument waived because litigant and attorney failed to cite case law or statutory authority); *U.S. v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived….").

**Conclusion**

Counter-defendants' motion to dismiss counter-plaintiffs' counterclaim [27] is granted, and the counterclaim is dismissed without prejudice. Counter-plaintiffs are granted leave to file an amended counterclaim within 21 days.

IT IS SO ORDERED.

Date: 3/28/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge